S. V. BACHEMIN v. WIDOW A. SCHEIXNAYDRE.—C. DUMAINE, Third Opponent.

The answer of one of the parties to the suit to interrogatories on facts and articles may be made use of as evidence by either party on the first or any subsequent trial of the cause.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *C. Dufour* and *E. Bermudez*, for plaintiff and appellant. *P. Soulé*, for defendants.

LAND, J. The opponent claims as owner, certain real improvements situate on Montegut street in this city, and also a slave seized by the Sheriff under an execution issued on a judgment obtained by the plaintiff against the defendant. The plaintiff in his answer to the third opposition, admits the seizure of the improvements, and the slave under his execution, but avers that the slave claimed is held by the opponent, under a fraudulent or simulated sale made by the defendant in execution, for the purpose of defeating the just pursuit of the creditors.

In order to establish the alleged fraud and simulation in the sale of the slave, the plaintiff propounded interrogatories on facts and articles to the opponent. These interrogatories were answered, and the fraud and simulation were not only positively denied, but the reality of the sale, and the good faith of the opponent, were established by the testimony thus elicited by the plaintiff in execution.

In the proceedings in the lower court, a new trial was granted in the case, and on the second trial, the plaintiff reserved a bill of exceptions to the ruling of the Judge, admitting in evidence the answers of the opponent to the interrogatories on facts and articles. On the second as well as the first trial, judgment was rendered in favor of the opponent, and the plaintiff on his appeal, insists that his bill of exceptions was well taken to the admissibility of the answer in evidence on the second trial of the case.

The bill of exceptions was not well taken. The answers were evidence which either party had the right to offer on the first trial of the cause; and evidence admissible on the first, is also admissible on the second or any subsequent trial between the same parties in the same case.

The plaintiff introduced testimony for the purpose of impeaching the opponent's answers; but we concur with the District Judge in the opinion that the answers are not disproved by the testimony adduced for that purpose.

In respect to the improvements seized under the execution, the evidence shows that they were made under a contract with the opponent, and that she had paid a part of the price, and was indebted for the balance remaining unpaid at the time of the trial of her opposition in the lower court.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.